UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER PETRUZZI : | CIVIL ACTION NO.: |
|    Plaintiff : | 3:03 CV 1755 (CFD) |
| : | |
| v. : | |
| : | |
| TRINITY COLLEGE, MICHAEL D. WEST : | |
| and GERALD VANTY : | |
|    Defendants : | DECEMBER 19, 2003 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Defendants, Trinity College, Michael D. West and Gerald Vanty, have moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the claims brought by the Plaintiff, Peter Petruzzi. The Plaintiff has failed to state a cause of action against any of the Defendants. The Plaintiff has attempted to transform some vague comments allegedly made about him by Mr. Vanty, a co-worker, into claims based on slander, false light and intentional infliction of emotional distress. The Plaintiff, however, has failed to plead sufficient and necessary facts to meet the requirements of these causes of action. Consequently, the Court must dismiss this case in its entirety.

## The Plaintiff has Failed to Allege the Elements of Slander

In order to make out a claim for slander, the Plaintiff must allege certain basic elements. These are that the defendants uttered a false and defamatory statement and that the

statement was communicated to a third party. <u>Elm St. Builders v. Enterprise Park Condominium Assn.</u>, 63 Conn. App. 657, 669-70 (2001), <u>citing</u> 50 Am. Jur. 2d, Libel and Slander § 554 (1995). It is the Plaintiff's burden to allege each defamatory statement including making it clear what specific statements were made; by whom; and to whom. <u>Id</u>. The Plaintiff also must allege that he suffered special damages for actual losses.[1] <u>Id.</u>

In addition to alleging these basic elements, there is a threshold question that is a matter of law. That question is whether the statement, that forms the basis for the allegation of slander, is an expression of fact or mere opinion. <u>Goodrich v. Waterbury Republican-American, Inc.</u>, 188 Conn. 107, 111-12, 448 A.2d 1317 (1982). This distinction is significant as one is not liable for mere opinions. <u>Id</u>. In Connecticut, the courts have drawn this distinction between fact and opinion. "A statement can be defined as factual if it relates to an event or state of affairs that existed in the past or present and is capable of being known . . . An opinion , on the other hand, is a personal comment about another's conduct,

---

[1] There are two forms of slander: slander per se and slander per quod. Slander becomes actionable per se only when the Plaintiff proves that the Defendants made statements (1) charging him with the commission of a crime involving moral turpitude; (2) charging him with a loathsome disease; (3) charging him with being unchaste; (4) charging him with incompetence or dishonesty in office; (5) charging him in derogation of his existing business; or (6) charging him, as a professional person, with general incompetence. The allegations in the Complaint do not amount to slander per se. There are no allegations that the plaintiff was accused of committing a crime of moral turpitude; that he had a loathsome disease; or that he was incompetent. Consequently, the complaint must be viewed as alleging libel per quod.
   When a plaintiff brings an action in libel per quod, he also must plead and prove actual damages in order to recover. D. Wright & J. Fitzgerald, <u>Conn. Law of Torts</u> § 146 (2d Ed.); <u>Battista v. United Illuminating Co.</u>, 10 Conn.App. 486, 491, 523 A.2d 1356, cert. denied, 204 Conn. 802, 803, 525 A.2d 1352 (1987).

qualifications or character that has some basis in fact." Id. The distinction between fact and opinion is whether the person hearing the statement would likely understand it as an expression of the speaker's opinion, or as a statement of existing fact. Id. at 112. In Daley v. Aetna Life & Cas.Co., the high court noted that to be actionable the statement must convey an objective fact, 249 Conn. 766, 795 (1999). While a statement that someone is a thief is actionable, a statement such as I think he is a thief would not be. Id. at 796.

In analyzing the complaint it is necessary to determine whether the words that were allegedly spoken are sufficient to be characterized as defamatory. To be defamatory a statement must be injurious to a person's reputation. See e.g. Lizotte v. Welker, 45 Conn. Supp. 217, 220 (Conn. Super. Ct., May 17, 1996) (Describing a defamatory statement as one that tends "to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him"). (A copy is attached as Exhibit A).

A review of what each of the defendants is alleged to have said or done reveals that the Plaintiff has not satisfied the basic requirements for pursuing a claim of slander.

1. Vanty's comments are not slanderous

Gerald Vanty is alleged in paragraphs 9 and 10 of the Complaint to have made several statements that form the basis for the claim of slander. The statements do not identify to whom Mr. Vanty made comments about the plaintiff. That failure is sufficient to defeat this

claim. Beyond that defect however, the claim in paragraph 9 is that Mr. Vanty observed the plaintiff moving boxes of vintage shoes, hats and clothes as part of cleaning out a house that Trinity College owned. Mr. Vanty is alleged to have observed the plaintiff and then commented that the plaintiff was going through Trinity College' garbage. Based on the Plaintiff's allegations in Paragraph 8, it appears that, even if this statement were made, the comment is not false. The plaintiff admits that he was going through the old property. While the plaintiff may not like the way his actions were allegedly characterized, they are not false. Further, the statements attributed to Mr. Vanty fall directly within the description of what is an opinion as it is a personal comment about the plaintiff's conduct that has some basis in fact. As alleged, the comment is a personal comment about another's conduct or character and as such is not actionable. See Goodrich, 188 Conn. at 111. Consequently, the allegations in Paragraph 9 are not slanderous.

In paragraph 10, the Plaintiff alleges that Mr. Vanty told some unidentified coworkers that the Plaintiff was "a dangerous person" "not all with it" and "ready to crack at any moment." The Plaintiff has not identified to whom these statements were made.

Finally, the statements allegedly made are an expression of opinion. There is no suggestion that Mr. Vanty is a medical expert and was diagnosing the plaintiff's condition. Comments about someone's conduct and character are simply not actionable. The statements themselves appear to be taken out of context and are incomplete. As such, these comments

do not satisfy the standard for stating a claim. Rather clearly the statements alleged are personal comments on the facts. Goodrich, 188 Conn. at 111. Therefore, the first claim for relief against Mr. Vanty based on slander should be dismissed.[2]

2. Trinity College has not slandered the Plaintiff

The Plaintiff alleges that Trinity College has slandered him. He bases his claim not on any words spoken by Trinity College, but rather, based on his claim that Trinity College failed to take any action to stop Mr. Vanty from slandering him. There is no support for a claim that an employer is liable in slander for the words spoken by an employee about another employee, as there is no allegation that Trinity College ratified the speech or that the speech occurred in the course of employment and in furtherance of Trinity College's business. Brown v. Hous. Auth. of New Haven, 23 Conn. App. 624, 628 (1990).

The Plaintiff appears to be attempting to hold Trinity College vicariously responsible for the alleged slanderous words of Mr. Vanty. In that regard, Trinity College has not taken any of the actions required for the elements of the claim. There is no allegation that Trinity College uttered any false or defamatory statement to any third party. Publication is a

---

[2] The plaintiff has also failed to prove with any specificity the nature of the damage he suffered. Consequently he has failed to allege that he suffered actual damage. See Lega Siciliana Soc. Club, Inc. v. St. Germaine, 77 Conn. App. 846, 825 A.2d 827 (2003).

necessary element for slander and Trinity College was not accused of making any statement. There is simply no basis to hold that a claim has been made against Trinity College.[3]

3. Mr. West has not slandered the Plaintiff

In the third count the Plaintiff alleges that Michael West slandered him. There are no allegations of false statements that were specifically made by Mr. West to any individual. Plaintiff's allegations reveal that the concerns that Mr. West had about the Plaintiff were clearly an expression of his opinion. In paragraph 23, for example, the plaintiff alleges that "Trinity College <u>felt</u> that the plaintiff was a dangerous man" and that he would hurt someone. The plaintiff attempts to attribute those statements to Mr. West.

In fact, that statement is not alleged to have been made by Mr. West, but rather by Attorney Clemon (sic) (Clemow).[4] The allegation is made based on information and belief that Attorney Clemow learned that information from Mr. West. Such a claim is insufficient to state a cause of action.

Even if it were a statement made by Mr. West, it is not defamatory. Quite clearly it is an opinion. An expression that one "feels" that someone is dangerous or could hurt someone is clearly opinion. The dictionary definition of "feel" refers to belief and opinion.

---

[3] Even if Trinity College were responsible for statements made by an employee, it would not be liable in this case. The statements by Mr. Vanty are not defamatory and no actual damages have been alleged.
[4] This is a privileged attorney-client communication, which has not been waived and cannot form the basis of a tort claim. See <u>Harp v. King</u>, 266 Conn 747 (2003).

Merriam Webster's Collegiate Dictionary, (10th Ed. 1996).  See also Daley, supra, at 796. Consequently, this allegation fails to satisfy the requirements for stating a cause of action.

Further from the allegations it is rather clear that these were privileged communications.  Mr. West made his comments to Attorney Brian Clemow, who in turn spoke with the plaintiff's then lawyer, Attorney Richard Hayber.  This conversation appears to have occurred during negotiations over a proposed release and settlement agreement.  See ¶¶ 22, 23, 24 and 25.  Clearly, Plaintiff has failed to state a claim for slander against Mr. West and the third count should be dismissed.

### The Plaintiff has failed to allege the elements of a claim of false light

The Plaintiff's fourth, fifth and sixth claims are based on a theory that the Defendants invaded his privacy by placing him a false light.  The Connecticut Supreme Court has recognized such a cause of action and has adopted the definition and categories of an invasion of privacy false light claim as set out in the Restatement Second (Torts).  In order to establish an invasion of privacy by false light claim, a plaintiff must show: 1) the false light in which he was placed would be highly offensive to a reasonable person and 2) the defendant had knowledge of or acted in reckless disregard of the falsity of the publicized matter and the false light in which the other would be placed.  See Restatement (Second) of Torts, § 652 E and Goodrich, supra, at 111.

Fundamental to this cause of action is that one's private matters not be placed before the public in an objectionably false light. Goodrich, 188 Conn. at 112. One essential element of the claim is that the matter published concerning the plaintiff be untrue and be of such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in this position. Id.

Another critical element of this tort is that there be publicity. The Connecticut courts recognize a distinction between publication, as it would be used with respect to defamation, and publicity under a false light invasion of privacy claim. Publicity means that the matter is made public by communicating it to the public at large or to so many persons that the matter must be regarded as substantially certain to become known to the public at large. This is a well recognized distinction in the Restatement of Torts and has been cited with the approval by the Connecticut courts. See Apicella v. Driver Logistic Services, Inc., No. CV010450101S, 2002 WL 31125606, at *7 (Conn. Super. Ct., Aug. 19, 2002); Senior v. Hartford Financial Serv. Group, Inc., No. CV010808241, 2002 WL 207533, at *2 (Conn. Super. Ct., Jan. 14, 2002); Doe v. Hartnett, No. CV960134840, 2002 WL 1293354, at *4 (Conn. Super. Ct., May 8, 2002); Chertkova v. Conn. Gen. Life Ins. Co., No. CV980486346S, 2002 WL 1902988, at *4 (Conn. Super. Ct., Jul. 12, 2002). (Copies are attached as Exhibits B-E); See also, Tarka v. Filipovic, 45 Conn. App. 46, 53-55, 694 A.2d 824, 828-829 (1997).

The Plaintiff's claim must fail with respect to Mr. Vanty as there is no allegation to satisfy the publicity requirement. The only allegation with respect to Mr. Vanty is that he made comments to co-workers. That is insufficient to meet the requirement that the statement be a widely known misrepresentation to the public.

The same publicity defect exists with respect to the allegations against Trinity College. The only suggestion that Trinity College publicized any statements appears in paragraph 32 of the fifth claim where it suggests that Trinity College incorporated Mr. Vanty's statements into the proposed release and settlement agreement. There is no allegation that the proposed release and settlement agreement was communicated or published widely, or even to persons other than plaintiff's attorney and himself. Thus the publicity requirement has not been met.

Finally, with respect to the claim brought against Mr. West, there are no suggestions that he made any statements to the public at large or that his statements were shared with anyone other than Attorney Clemow, which conversations are privileged. Mr. West is only alleged to have made a comment to Attorney Clemow. Statements to one person are not sufficient as a matter of law to satisfy the pleading requirements for a claim of false light.

In short, the Plaintiff has failed to plead an essential requirement for establishing an invasion of privacy by false light claim. The fourth, fifth and sixth claims must be dismissed. There is simply no allegation that any matter concerning Mr. Petruzzi was communicated to

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

the public at large or that so many persons were made aware of the alleged comments as to be a matter known to the general public. It is simply not invasion of privacy to communicate to a small group of persons. Consequently, the Plaintiff's claims of false light must be dismissed.

### The Plaintiff has Failed to Allege Sufficient Basis for a Claim of Intentional Infliction of Emotional Distress

The law with respect to a claim of intentional infliction of emotional distress has long been established in Connecticut. Petyan v. Ellis, 200 Conn. 243, 253 (1986). To state such a claim, the plaintiff must allege four essential elements. Id. First, the defendant intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of his conduct. Id. Second, the conduct must have been extreme and outrageous. Id. Third, the defendant's conduct was the cause of the plaintiff's distress. Id. Fourth, the emotional distress sustained by the plaintiff was severe. Id.

This case can be disposed of by simply reviewing the second element – whether the conduct was extreme and outrageous.[5] Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by a decent society. Liability has been found only when the conduct has been so outrageous in character and so extreme and

---

[5] The issue of whether the conduct is extreme and outrageous is a question of law for the court to determine. See Bell v. Board of Education, 55 Conn. App. 400, 410 (1999).

egregious to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. In making such a determination, the court must look at the facts in light of how an average member of the community would react and determine whether such behavior or conduct would result in a cry of "Outrageous". Conduct that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form a basis for the intentional infliction of emotional distress claim. See Appleton v. Bd. of Educ., 254 Conn. 205, 210-211 (2000). A brief review of the recent Connecticut appellate decisions reviewing claims of extreme and outrageous behavior sheds light on this matter and reveals that Mr. Petruzzi's claims are insufficient as a matter of law.

In Bator v. Yale New Haven Hosp., the plaintiff's claim for intentional infliction of emotional distress was dismissed by the trial court and that dismissal was affirmed by the appellate court. 73 Conn. App. 576, 580 (2002). The plaintiff, a respiratory therapist, complained that he was subjected to abusive and disparate treatment. Id. at 577. In particular, he complained that one of his supervisors suggested that he seek psychiatric help. Id. Another of his supervisors recommended that he attend anger management classes. Id. These comments certainly called into question the plaintiff's mental health and stability. The appellate court found that such conduct does not rise to the level of being extreme and outrageous. Id. at 579.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

In <u>Bombalicki v. Pastore</u>, the plaintiff alleged that New Haven's Chief of Police expressed his dislike of the plaintiff, talked about the plaintiff unfavorably to other employees and opposed the plaintiff's promotion, 71 Conn. App. 835, 838 (2002). Negative comments about the plaintiff, while they may have been insulting and may have caused hurt feelings, were simply not extreme and outrageous. <u>Id</u>. at 842. The claim of intentional infliction of emotional distress was dismissed. <u>Id</u>.

In <u>Carrol v. Allstate Ins. Co.</u>, the court rejected the plaintiffs' claim that they had alleged extreme and outrageous conduct, 262 Conn. 433 (2003). The plaintiffs alleged that the defendant did not conduct a thorough and reasoned investigation and decided too quickly that a fire, that destroyed their home, had been set deliberately. <u>Id</u>. at 439-40. While such conduct may have been distressing for the plaintiffs, the court found that it was simply not so atrocious as to trigger liability for intentional infliction of emotional distress. <u>Id</u>. at 443-444.

In <u>Appleton v. Bd. of Educ. of Stonington</u>, the Connecticut Supreme Court found that the allegations made by the plaintiff were insufficient to state a claim of extreme and outrageous conduct, 254 Conn. 205 (2000). The plaintiff alleged that her supervisor made condescending comments to her in front of her colleagues and questioned her ability to see and her ability to read. <u>Id</u>. at 208. A supervisor also telephoned the plaintiff's daughter and represented that she had "been acting differently" and should take a few days off from work. <u>Id</u>. at 211. The defendants also telephoned the police who came to the school and escorted

the plaintiff out of the building. Id. The plaintiff asserted that she was subjected to two psychiatric examinations at the request of the Board of Education and was forced to take a suspension and a leave of absence. Id. She also alleged that she was forced to resign. Id. None of these allegations, not even the call to plaintiff's daughter to tell her that her mother was acting "differently," were found to be extreme and outrageous conduct. Id.

In Dollard v. Bd. of Educ. of Orange, a school psychologist sued the Board of Education and several of its employees claiming intentional infliction of emotional distress, 63 Conn. App. 550 (2001). She alleged that the defendants were hypercritical of every small detail of her professional and personal conduct in an effort to force her to quit. Id. at 552. They publicly admonished her for chewing gum, being habitually late, being disorganized and not using her time well. Id. at 553. They also placed her under intensive supervision which she alleged ultimately lead to her being forced to resign. Id. at 552-53. The appellate court found that plaintiff failed to plead facts that supported her allegation that the defendants' conduct was extreme and outrageous. Id. at 555.

In Carnemolla v. Walsh, the appellate court concurred with the trial court that the plaintiff failed to state a claim of intentional infliction of emotional distress, 75 Conn. App. 319 (2003). The plaintiff alleged that she was confronted by the defendants who accused her of embezzling company funds. Id. at 320-21. They requested that she resign and sign a

release. Id.  The court found that while this may have been distressful and hurtful to the plaintiff, it did not rise to the level of being extreme and outrageous conduct.  Id. at 333.

When placed in this context, Mr. Petruzzi's allegations do not rise to the level of being extreme and outrageous.  He complains about comments by Mr. Vanty that he was going through the garbage.  That is not an extreme or outrageous comment, particularly since the Plaintiff admits that he was helping to clean out a house and was moving boxes of old shoes, hats and clothes.  Such a comment is not so offensive as to suggest that one would cry "Outrageous."

Further, making comments that he was "dangerous" or "not with it" or "ready to crack at any moment" are not extreme and outrageous.  The comments made in the Doddard or Appleton cases suggesting that one seek psychiatric help or anger management courses or commenting on behavior that is "different" followed by a call to the police to escort the employee off the premises, is not sufficiently offensive to meet the pleading requirement for extreme and outrageous behavior.  The comments about Mr. Petruzzi are much more innocuous than these statements.  Consequently, the plaintiff has failed to allege extreme and outrageous conduct.

While Mr. Petruzzi may be upset by comments suggesting mental instability, there is nothing extreme and outrageous about them.  As these comments form the basis for the claim against Mr. Vanty and Trinity College, it is rather clear that they do not amount to a claim of

14

extreme and outrageous conduct.  The only other statement is an allegation, imputed to Mr. West, that in a conversation between Attorney Clemow and Attorney Hayber, the comment was made that Trinity College felt that the plaintiff was a dangerous man and that he would hurt someone.  As a matter of law, such a claim does not rise to the level of being extreme and outrageous conduct.  Therefore, the seventh, eighth, and ninth counts should be dismissed as the plaintiff cannot establish a critical and essential element of his claim.

## Conclusion

Based on the allegations in the complaint, it is quite clear that the plaintiff has not satisfied his pleading requirements.  Under each claim, the plaintiff's allegations do not state the necessary elements.

Therefore, the complaint must be dismissed.

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Respectfully Submitted,

DEFENDANTS,
TRINITY COLLEGE, MICHAEL D. WEST
AND GERALD VANTY

By *(signature)*
Gary S. Starr
Federal Bar No. ct06038
For Shipman & Goodwin LLP
One American Row
Hartford, CT  06103-2819
Telephone (860) 251-5501
Facsimile (860) 251-5500
Email:  gstarr@goodwin.com
Defendants' Attorney

## CERTIFICATION OF SERVICE

This is to certify that on this 19th day of December, 2003, a copy of the foregoing Memorandum in Support of Motion to Dismiss was sent via first-class mail, postage prepaid, to:

Francis A. Miniter, Esquire
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT 06106

_____
Gary S. Starr

359486 v.01